UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLA PERROTTO,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN ADVANCED MATERIALS, PLC, *et al.*,<br><br>Defendants. | Civ. No. 2:18-13825<br><br>OPINION |

# WILLIAM J. MARTINI, U.S.D.J.:

In an employment discrimination action, this matter comes before the Court on Morgan Advanced Materials, PLC; Morgan Advanced Ceramics, Inc., a/k/a Morgan Technical Ceramics; and Gerard T. McConvery's (together, "Defendants") Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1332(a), and 1367(c), and decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

On or about June 24, 2013, until her termination on April 5, 2018, Plaintiff Darla Perrotto worked "in the capacity of Controller/Human Resources" at Morgan Advanced Materials, PLC and Morgan Advanced Ceramics, Inc.'s ("Morgan") Fairfield, New Jersey, office. Notice of Removal, Ex. B, Second Am. Compl. ¶ 10, ECF No. 1-2 ("SAC"). On April 24, 2018, New Jersey's governor signed into law the Diane B. Allen Equal Pay Act ("NJEPA") which amended the New Jersey Law Against Discrimination ("LAD") to require pay equality across all protected classes. N.J. Stat. Ann. §§ 34:11–56:13. While enacted on April 24, 2018, NJEPA took effect on July 1, 2018. 2018 N.J. Sess. Law Serv. Ch. 9 (West) ("This act shall take effect on July 1, 2018.").

Defendants terminated Plaintiff's employment before NJEPA became law. SAC ¶¶ 10, 151–54. On July 27, 2018, Plaintiff filed suit in state court alleging employment (gender) discrimination and retaliation against Defendants and other fictitious parties. Defendants timely removed. Defendants now seek to dismiss NJEPA gender pay disparity and retaliation claims (Counts I and II) under FRCP 12(b)(6), ECF No. 5 ("Defs.' Br."), Plaintiff opposed, ECF No. 9 ("Pl.'s Opp'n"), and Defendants replied, ECF No. 10.

1

## II. LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). "[A]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But the court cannot accept as true "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Plaintiff alleges Defendants engaged in gender-based discrimination and retaliatory compensation practices under NJEPA. SAC ¶¶ 167–76 (Counts I and II). Specifically, while employed from June 24, 2013, to April 5, 2018, Defendants "pa[id] a rate of compensation, including benefits, to male employees which is [more] than the rate paid to female employees for substantially similar work," *id.* ¶ 168,[1] and retaliated against her for engaging in NJEPA protected activities, *id.* ¶ 174. Plaintiff's complained-of conduct occurred prior to NJEPA's effective date of July 1, 2018. *Id.* ¶ 165. Thus, the question here is whether the statute should apply retroactively to Plaintiff's NJEPA claims.

Plaintiff contends the Legislature intended NJEPA to operate retroactively and such application would neither impair a party's constitutional rights nor cause manifest injustice. Pl.'s Opp'n at 15–30. Unsurprisingly, Defendants respond there is no basis to indicate retroactivity. First, there lacks express or implied legislative intent. Second, NJEPA is not curative, since it represents an entirely new statutory scheme affording pay equality protections for protected classes such as gender. Third, the parties' expectations fail to warrant retroactive application. Defs.' Br. at 5–9. The Court agrees with Defendants. allege

### A. The Diane B. Allen Equal Pay Act is Not Retroactively Applicable to Conduct Occurring Prior to its Effective Date

"Settled rules of statutory construction favor prospective rather than retroactive application of new legislation." *James v. N.J. Mfrs. Ins. Co.*, 83 A.3d 70, 77 (N.J. 2014) (citations omitted). The traditional prospective preference rests on "long-held notions of fairness and due process." *Id.* (quotations marks and citation omitted). A party overcomes the strong presumption against retroactivity through showing (1) the Legislature intended the statute to apply retroactively and (2) that such application would neither unconstitutionally hinder a party's vested rights or cause manifest injustice. *Johnson v. Roselle EZ Quick LLC*, 143 A.3d 254 (N.J. 2016) (citations omitted). There are three

---

[1] Plaintiff alleges Defendants paid male employees *less* than female employees for substantially similar work. SAC ¶ 168 (emphasis added). Based on the allegations in the complaint, the Court assumes Plaintiff meant to assert "more," i.e., that she was paid less than her male counterparts, or that Defendants paid female employees less than the rate paid to male employees for substantially similar work.

circumstances that support applying a statute retroactively: "'(1) when the Legislature expresses its intent that the law apply retroactively, either expressly or implicitly; (2) when an amendment is curative; or (3) when the expectations of the parties so warrant.'" *Id.* (quoting *James*, 83 A.3d at 77). The Court finds no exception applies here.

### 1. There Lacks an Express or Implied Indication the Legislature Intended the Diane B. Allen Equal Pay Act be Applied Retroactively

The Court need only look to the statute's plain language to discern legislative intent here. The Legislature passed NJEPA on April 25, 2018, but it specifically postponed the effective date until July 1, 2018. This delayed enactment shows the Legislature intended NJEPA to have prospective application only. *See Twiss v. State*, 591 A.2d 913, 916 (N.J. 1991) (postponing a statute's effective date indicates prospective legislative intent only); *Sarasota-Coolidge Equities II, L.L.C. v. S. Rotondi & Sons, Inc.*, 770 A.2d 1264, 1271–72 (N.J. Super. App. Div. 2001) (citing cases when courts found a postponed effective date evinced only a prospective application).

### 2. The Diane B. Allen Equal Pay Act is Not Curative

NJEPA cures nothing through amendment. A curative amendment serves to "'remedy a perceived imperfection in or misapplication of a statute.'" *James*, 83 A.3d at 78 (quoting *Schiavo v. John F. Kennedy Hosp.*, 609 A.2d 781, 784 (N.J. Super. Ct. Ap. Div. 1992), *aff'd*, 620 A.2d 1050 (Mem.) (N.J. 1993). Put differently, the amendment "merely clarifie[s] the legislative intent behind the [previous] act." *Id.* (citations omitted and alterations in original).

Retroactive application would not be curative here because this is a "first of its kind" statute addressing pay equity for performing "substantially similar work." N.J. Stat. Ann. § 10:5–12(t); *see Lombardo v. Revlon*, 746 A.2d 475, 479 (N.J. Super. Ct. App. Div. 2000) (holding a "first of its kind" statute was not curative). Contrary to carrying out or simply explaining LAD's original intent, NJEPA introduced expanded employee protections. NJEPA expanded the statute of limitations for pay equity violations to six years, rather than the two-year limitations period on other LAD violations. N.J. Stat. Ann. § 10:5-12(a). Further, if a jury finds an employer committed an act of reprisal or gender-based pay discrimination, a jury must award treble damages. *Id.* § 10:5-13. In all, there lacks evidence showing the Legislature sought to explain or clarify existing law. *See 2nd Roc-Jersey Assocs. v. Town of Morristown*, 731 A.2d 1, 14 (N.J. 1999) (finding the curative exception inapplicable when the Legislature passed an amendment to correct a state court's apparent "misapplication of the law" and an assembly committee report reaffirmed the legislation served a clarifying purpose).

### 3. Neither Plaintiff nor Defendants had any Expectation that Warrants Retroactive Application

The reasonable expectations of the parties fails to support retroactive application. Plaintiff filed suit on July 20, 2018—just under three weeks after NJEPA became law.

3

Plaintiff's allegations encompass conduct up until her termination on April 5, 2018. SAC ¶ 10. With three months between the complained-of conduct and when NJEPA became law, the Court sees no basis to support how the parties' reasonable expectations warrants invoking retroactivity. *See James*, 83 A.3d at 83 ("To the extent that James points to the existence of a pending bill in the Legislature at the time of his accident, the argument fails to establish an expectation that is recognizable as requiring a retroactive application of the new law to his case."); *Schiavo*, 609 A.2d at 784 (finding the third exception inapplicable when there was a three-year difference between plaintiff's injury and the date of the proposed amendment).

### B. Granting Leave to Amend Would be Futile

Defendants moved to dismiss with prejudice. While Plaintiff did not seek leave to amend, district courts should give a party leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citations omitted). The decision is within the Court's discretion. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

No amendment here would cure the dismissed claims because the Court finds no legislative intent or design to give NJEPA retroactive treatment. The Court will thus **DISMISS** Counts I and II in Plaintiff's Second Amended Complaint **WITH PREJUDICE**.

### IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is **GRANTED**. The Diane B. Allen Equal Pay Act claims alleged in Counts I and II in Plaintiff's Second Amended Complaint are **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                         */s/ William J. Martini*
                                     **WILLIAM J. MARTINI, U.S.D.J.**

**Dated: January 15, 2019**